UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                              Plaintiff,

              -against-

U.S. DEPARTMENT OF JUSTICE; U.S.
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK,

                              Defendants.

23-CV-2924 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. He alleges that in his pending case, *Torres v. City of New York*, No. 19-CV-6332 (ER) ("*Torres I*"), "there have been numerous occasions when the court violated my rights, most recently when on January 31, 2023[,] it fabricated a court order, affixed the Judge's signature to it, and used it to replace a legitimate court order." (ECF 1, at 5.) He also alleges that "the court refused to make [initial interrogatories] part of the docket of the case," in *Torres I*. (*Id.*)

Plaintiff previously filed an action challenging the litigation in *Torres I*, when on March 20, 2023, he initiated a lawsuit against the U.S. Department of Justice, the Clerk of this court, Ruby J. Krajick, and Corporation Counsel lawyers, who are representing the defendants in *Torres I. See Torres v. U.S. D.O.J.*, No. 23-CV-2358 (S.D.N.Y. Apr. 7, 2023) ("*Torres II*"). The Court dismissed that action as duplicative because Plaintiff raised the same challenges in *Torres I* as he raised in *Torres II*. ECF 1:23-CV-2358, 3.

Similar to the *Torres II* matter, Plaintiff has already raised the issues raised here in *Torres I. See id.* (Doc. No. 220) (Motion to Stay the Proceedings Until Resolution of Felony Crimes Committed by the Clerk of Court & Three (3) Defense Lawyers). As this complaint raises the same claims already pending before Judge Ramos, no useful purpose would be served by

litigating this duplicate lawsuit.[1] Therefore, this complaint is dismissed without prejudice to resolution of these issues in *Torres I*.

Plaintiff has previously been warned that continued filing of nonmeritorious actions will result in an order limiting his ability to proceed *in forma pauperis* in new cases. The Court now also warns Plaintiff that should he continue to file new actions regarding the litigation in *Torres I*, the Court will order him to show cause why he should not be barred from filing future actions in this court raising claims arising out of *Torres I*.

## CONCLUSION

Plaintiff's complaint is dismissed as duplicative of 19-CV-6332 (ER) (Doc. No. 220) because he is already litigating this matter in that pending suit.

The Court warns Plaintiff that should he continue to file new actions regarding the litigation in *Torres I*, the Court will order him to show cause why he should not be barred from filing future actions in this court raising claims arising out of *Torres I*.

---

[1] As the Court concluded in *Torres II*, although the U.S. Department of Justice, which is named as a defendant in this action, is not a party to the suit before Judge Ramos, the Court concludes that this does not provide a basis for permitting this duplicate matter to proceed as a separate action. Similarly, the United States District Court of the Southern District of New York also was not named in *Torres I*, but this alone also does not provide a basis for permitting this action to proceed. In any event, both parties are immune from this suit. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *see, e.g.*, *Sec. & Exch. Comm'n v. Comm. on Ways & Means of the U.S. House of Representatives*, 161 F. Supp. 3d 199, 216 (S.D.N.Y. 2015) (collecting cases where courts have determined that suits against federal agencies are barred under doctrine of sovereign immunity, including *Wall v. D.O.J.*, No. 3:09-CV-1066, 2010 WL 4923736 (D. Conn. Nov. 29, 2010), an action brough against the Department of Justice).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 7, 2023
          New York, New York

                                             /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

3